**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JALOLIDDI NMAMATKARIMOV, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:26-cv-01096 |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court is Petitioner Jaloliddin Mamatkarimov's Petition for Writ of Habeas Corpus (Doc. 1) (the "Petition" or "Pet."). Petitioner currently is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement, at the Moshannon Valley Processing Center in Phillipsburg, Pennsylvania. <u>See</u> Pet. (Doc. 1) at Introduction, ¶ 2.[1] Petitioner alleges an entry date into the United States on or about September 14, 2023, and that Petitioner has continuously resided in the United States since then. <u>See</u> <u>id.</u> at Introduction, ¶ 4. Petitioner was placed into immigration detention on or about May 21, 2026. <u>See</u> <u>id.</u> at Statement of Facts, ¶ 86. There is no indication that Petitioner has any criminal convictions.

The Petition asserts that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2). <u>See</u> <u>id.</u> at Count I, ¶¶ 1–4. Respondents oppose relief by relying upon decisions by the Courts of Appeals for the Fifth and Eighth Circuits to argue that mandatory detention is authorized under § 1225(b)(2)(A). <u>See</u> Resp. (Doc. 4) at 2. The Court has considered and rejected Respondents' interpretation of

---

[1] The paragraph numbers in the Petition restart at "1" multiple times; therefore, when citing the Petition, the Court will include section headings in addition to paragraph numbers, for clarity.

§ 1225(b)(2)(A), instead joining the Courts of Appeals for the Second, Sixth and Eleventh Circuits in holding that this mandatory detention provision only applies to noncitizens apprehended upon entry into the country or shortly thereafter.  See, e.g., Tejeda Perez v. Oddo, No. 3:26-cv-00745, Order (Doc. 8), at 5, May 28, 2026; see also Cunha v. Freden, 175 F. 4th 61, 69, 74-75 (2d Cir. 2026); Lopez-Campos v. Raycraft, Nos. 25-1965/1969/1978/1902, 2026 WL 1283891, at *2, *4 (6th Cir. May 11, 2026) (slip copy); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395, at *13 (11th Cir. May 6, 2026) (slip copy).

**AND NOW**, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent that it requests a bond hearing in accordance with 8 U.S.C. § 1226(a) and all related provisions of law.  Respondents are **ORDERED** to provide Petitioner with such a hearing, or release him, on or before August 23, 2026.  The petition is **DENIED** to the extent it requests any additional relief without prejudice to renewal.  **IT IS FURTHER ORDERED** that any motion for fees or costs shall be submitted on or before August 14, 2026, with responses, if any, due 14 days following that motion.

July 24, 2026

s/Cathy Bissoon_____
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record

2